IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Nicholas S. Messer,

    Plaintiff,

    v.                             Case No. 2:18-cv-972

Commissioner of
Social Security,

    Defendant.

<u>OPINION AND ORDER</u>

Plaintiff Nicholas S. Messer brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income. In a decision rendered on March 16, 2018, the ALJ found that plaintiff has severe impairments consisting of major depressive disorder, schizoid personality disorder, autism spectrum disorder, narcissistic personality disorder, asthma, and obesity. PAGEID 60. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform light work. The ALJ specified the additional restrictions that plaintiff must avoid hazards; that he was limited to simple, routine, repetitive tasks in a static work environment, with no production-paced or quota-driven work, but could perform goal-oriented jobs such as an office cleaner and could make simple workplace decisions; and that he must avoid interacting with the general public and coworkers, but could have occasional, superficial interaction with supervisors. PAGEID 61-62. Relying on the testimony of a vocational expert, the ALJ concluded that there are jobs which plaintiff can perform and that plaintiff is not disabled. PAGEID 66-67.

This matter is before the court for consideration of plaintiff's June 6, 2019, objections to the May 30, 2019, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)(internal citation omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would

also have supported the opposite conclusion.  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).  However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

Plaintiff objects to the conclusion of the magistrate judge that the ALJ provided good reasons for assigning less than controlling weight to the opinions of Andrew J. Boyd, M.D., plaintiff's primary care physician, concerning his mental impairments.

Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record."  *See* 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2-3 (Soc. Sec. Admin. July 2, 1996).  If the opinion of the treating doctor does not meet these "controlling weight" criteria, this does not mean that the opinion must be rejected; rather, it "may still be entitled to deference and be adopted by the adjudicator."  Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *1.  If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty,

and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart*, 710 F.3d at 376. However, the ALJ is not required to address each of these factors in the written decision. *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010); *see also Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010)(a formulaic recitation of factors is not required).

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242. An ALJ need not discuss every piece of evidence in the record for his decision to stand, *see Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004), and the failure to cite specific evidence does not indicate that it was not considered, *see Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004). An ALJ may also accomplish the goals of the "good reasons" requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439-41 (6th Cir. 2010); *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470-72 (6th Cir. 2006).

Plaintiff, who is now twenty-five years old, began treating with Dr. Boyd on July 29, 2014. The treatment note states that

plaintiff wanted a "paper stating there is something wrong with him so they can get food stamps." PAGEID 318. On September 9, 2016, Dr. Boyd completed a mental impairment questionnaire. PAGEID 385. The indicated diagnoses were schizoid personality disorder, narcissistic personality disorder, and depression. Dr. Boyd's clinical findings included odd affect, poor personal grooming, symptoms of depression and mild paranoia; he noted that plaintiff sees himself as "nothing" and sees others as "less than nothing." PAGEID 385. Dr. Boyd completed a checkbox form, indicating marked and extreme limitations in completing a workday, maintaining regular attendance, working with others, interacting with the public, getting along with co-workers, accepting instructions from supervisors, maintaining socially appropriate behavior, responding to changes in routine and dealing with work stress. PAGEID 386-87. This checkbox form contained no explanation of how Dr. Boyd concluded that plaintiff's mental impairments would result in the noted functional limitations. *See Price v. Comm'r of Soc. Sec. Admin.*, 342 F. App'x 172, 176 (6th Cir. 2009)(ALJ properly discounted treating physician's opinion where physician failed to provide any explanation for his responses to interrogatories regarding plaintiff's impairments); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997)(treating physician's mere documentation of impairments was not sufficient to support his opinion that claimant could not perform past job).

In a May 11, 2016, letter to plaintiff's counsel, Dr. Boyd stated that plaintiff had a personality disorder with traits from both narcissistic and schizoid types and a depressive disorder, that his personality disorder makes personal interactions extremely

5

difficult, that plaintiff has never been employed or experienced close personal relationships, and that his ability to interact in a normal workplace or tolerate normal workplace stressors is extremely impaired. PAGEID 382. Dr. Boyd also expressed the opinion that plaintiff was unemployable and totally and permanently disabled. PAGEID 379.

After summarizing those documents, the ALJ accorded little weight to Dr. Boyd's opinion because: 1) the limitations posed by Dr. Boyd were not consistent with and unsupported by the medical evidence of record as a whole, including plaintiff's conservative and routine treatment and the benign findings in Dr. Boyd's own treatment notes; 2) Dr. Boyd is a primary care physician, not a mental health specialist; and 3) Dr. Boyd's assertions that plaintiff is disabled and unemployable are findings reserved for the Commissioner. PAGEID 64-65.[1]

Plaintiff argues that the ALJ failed to adequately explain how Dr. Boyd's opinion was inconsistent with the evidence in the record. The ALJ is not required to explain every piece of evidence in the record or to address each check mark from the doctor's opinion. *Bayes v. Comm'r of Soc. Sec.*, 757 F. App'x 436, 445 (6th Cir. 2018). The ALJ's decision includes a discussion of the records bearing on the treatment of plaintiff's mental disorders, with citations to specific exhibits. The ALJ noted that: 1) plaintiff's symptoms improved with medications and conservative,

---

[1] Robelyn Marlow, Ph.D., a state agency consultant, also gave Dr. Boyd's opinion little weight, noting that plaintiff "is capable of performing simple tasks as he is noted to have obtained good grades in HS [high school] as well as an STNA [State Tested Nursing Aides] license." PAGEID 151.

6

routine treatment (plaintiff reported on October 2, 2017, that Zoloft was helping) and his symptoms were well managed by his primary care physician; 2) although the mental status evaluations showed some depression, anxiety, and transient findings of grandiosity, his mental evaluation findings were generally within normal limits, including no auditory or visual hallucinations, no suicidal or homicidal ideations, adequate judgment, and the ability to appropriately answer questions; 3) records from August 5, 2014, through September 25, 2015, showed routine appointments with no significant findings; 4) plaintiff was referred for a psychiatric evaluation on February 9, 2015, but did not engage in psychiatric treatment because he did not want to take medications; and 5) plaintiff reported on May 17, 2017, that he had not noticed mood changes, despite the fact that his mother had recently died of cancer. PAGEID 63. The ALJ also remarked that plaintiff "was able to relate well at the hearing to his representative, as well as the undersigned and the hearing report, who were [previously] unknown [to him]. PAGEID 64.

The court has reviewed Dr. Boyd's treatment notes and agrees with the ALJ's assessment that those notes reflect conservative and routine treatment and largely benign findings. *See* R. 268, September 16, 2014 (started Lexapro for depression); R. 264, February 9, 2015 (treated for depression, noting follow-up in three months); R. 276, August 13, 2015 (anxious due to upcoming surgery to remove wisdom teeth); R. 347, May 10, 2016 (plaintiff applying for disability; he states he has never had a job and hates conversing with people, and that he is no longer seeing a counselor and spends all day in his room; record notes baseline affect, good eye contact, answers questions appropriately); R. 344, May 17, 2017

7

(no mood changes after mother's death of cancer; notes flat affect but alert and calm); R. 343, August 25, 2017 (reports increased depression/hopelessness after mother's death but not interested in counseling, and has applied for social security disability; record notes flat affect but answers questions appropriately); R. 341, October 2, 2017 (thinks Zoloft is helping, lighter affect today, start Trazodone). The ALJ reasonably discounted Dr. Boyd's opinion that plaintiff had extreme limitations because it was inconsistent with his own treatment notes. *See Lester v. Social Sec. Admin.*, 596 F. App'x 387, 389 (6th Cir. 2015).

The ALJ concluded that if plaintiff's conditions were disabling, it would be expected that his treatment would be more aggressive and the medical evidence of record would document more serious signs, findings, and symptoms. Plaintiff contends that this penalized him for failing to pursue psychiatric treatment. Plaintiff argues that it was error for the magistrate judge to conclude that the ALJ properly considered the lack of psychiatric treatment and the conservative nature of the treatment plaintiff received from Dr. Boyd for his mental impairments. The court agrees with the magistrate judge. As the magistrate judge correctly noted, the Sixth Circuit has observed that, in some cases, the failure to seek treatment is another symptom of the mental disorder. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009). However, the court in *White* held that because there was no evidence in the record explaining the claimant's failure to seek treatment, the ALJ could reasonably find that the lack of treatment indicated an alleviation of the claimant's symptoms. *Id.* at 284; *see also Burge v. Comm'r of Soc. Sec.*, No.

1:13CV87, 2013 WL 6837192, *3 (N.D.Ohio Dec. 26, 2013)(for a severe mental impairment to be an acceptable reason excusing claimant's adherence to medical treatment, the record must contain evidence expressly linking noncompliance with the severe mental impairment).

The evidence shows that, after being referred for a psychiatric evaluation by Dr. Boyd, plaintiff stated that he did not want to see a psychiatrist because he did not want to take medication (although he accepted medication prescribed by Dr. Boyd), and that he did not want to continue with counseling. There is no evidence that his failure to pursue psychiatric treatment or counseling was due to his mental disorders. The ALJ properly considered plaintiff's conservative mental health treatment as support for discounting Dr. Boyd's opinion. *See Lester*, 596 F. App'x at 389 (ALJ properly considered conservative treatment in concluding that claimant was not suffering from disabling impairments); *Sandvoss v. Comm'r of Soc. Sec.*, No. 3:17CV1784, 2018 WL 4625564, *11 (N.D.Ohio Sept. 27, 2018)(ALJ did not err in using plaintiff's lack of mental health treatment to show inconsistency between the record and doctor's opinion).

The court also agrees with the magistrate judge's conclusion that the ALJ did not commit error in considering plaintiff's daily activities. Activities of daily living are properly considered in evaluating whether a claimant is disabled. *See* 20 C.F.R. §404.1529(c)(3)(i); *Lester*, 596 F. App'x at 389 (noting that the proposed limitations conflicted with claimant's daily activities); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 543 (6th Cir. 2007). Plaintiff relies on evidence that he rarely did household chores. However, the ALJ accurately noted evidence that plaintiff "can

9

perform household chores and prepare meals, though his family primarily performs these tasks for him;" that plaintiff plays video games, listens to music, and uses his computer daily; and that plaintiff can tend to his daily hygiene and grooming. PAGEID 64. The ALJ further observed that "despite his impairments, plaintiff has engaged in a somewhat normal level of daily activity" and that "the physical and mental capabilities requisite to performing many of the tasks described above replicate those necessary for obtaining and maintaining employment." PAGEID 64. The ALJ did not err in concluding that the "fact that the claimant can perform these activities of daily living is not supportive of a finding of disability." PAGEID 64.

Plaintiff also argues that the ALJ erred in relying on the fact that Dr. Boyd is a primary care physician, not a mental health specialist. *See* PAGEID 64. The court agrees with the magistrate judge's analysis of this argument. The magistrate judge acknowledged that, according to the American Board of Family Medicine, the treatment of mental illness is considered to be within the scope of services provided by a primary care physician, but correctly observed that the ALJ is entitled to give less weight to the medical opinion of a source who is not a specialist. *See* 20 C.F.R. §416.927(c)(5).

The record reveals that Dr. Boyd primarily treated plaintiff for depression. His notes do not discuss any treatment designed to address plaintiff's other mental impairments, with the exception of a referral for a psychiatric evaluation in February of 2015 to confirm the diagnosis of schizoid personality disorder. *See* R. 266. The court notes that the ALJ gave Dr. Boyd's opinions "little

weight," not "no weight," and that she did not rely solely on the fact that Dr. Boyd was not a mental health specialist in assigning that weight. The record also indicates that the ALJ must not have completely rejected Dr. Boyd's treatment records and opinions. Although the ALJ agreed with the opinions of the state agency consultants, Aracelis Rivera, Psy. D., and Robelyn Marlow, Ph.D., that plaintiff was not disabled, *See* PAGEID 140-142, 151-155, the ALJ otherwise gave only partial weight to those opinions because the record "justifie[d] a conclusion that the claimant's impairments are more limiting than was concluded by the state examiners." PAGEID 65. The ALJ further found that plaintiff had moderate limitations in mental functioning and accommodated those limitations in the RFC. PAGEID 61-62.

Plaintiff also argues that the ALJ erred in rejecting Dr. Boyd's opinions that plaintiff is "disabled" and "unemployable" on the ground that those findings are reserved to the Commissioner. The magistrate judge correctly noted that the ALJ was not required to adopt Dr. Boyd's opinions that plaintiff was disabled or unemployable because the determination of disability is reserved exclusively to the Commissioner. *See* 20 C.F.R. §404.1527(d)(1); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2008). The ALJ properly considered all of the evidence of record before determining that plaintiff was not disabled.

III. Conclusion

For the reasons stated above, the court concludes that the ALJ gave good reasons, supported by substantial evidence, for the weight she assigned to Dr. Boyd's opinions. The ALJ's non-disability finding is supported by substantial evidence. The court

weight," not "no weight," and that she did not rely solely on the fact that Dr. Boyd was not a mental health specialist in assigning that weight. The record also indicates that the ALJ must not have completely rejected Dr. Boyd's treatment records and opinions. Although the ALJ agreed with the opinions of the state agency consultants, Aracelis Rivera, Psy. D., and Robelyn Marlow, Ph.D., that plaintiff was not disabled, *See* PAGEID 140-142, 151-155, the ALJ otherwise gave only partial weight to those opinions because the record "justifie[d] a conclusion that the claimant's impairments are more limiting than was concluded by the state examiners." PAGEID 65. The ALJ further found that plaintiff had moderate limitations in mental functioning and accommodated those limitations in the RFC. PAGEID 61-62.

Plaintiff also argues that the ALJ erred in rejecting Dr. Boyd's opinions that plaintiff is "disabled" and "unemployable" on the ground that those findings are reserved to the Commissioner. The magistrate judge correctly noted that the ALJ was not required to adopt Dr. Boyd's opinions that plaintiff was disabled or unemployable because the determination of disability is reserved exclusively to the Commissioner. *See* 20 C.F.R. §404.1527(d)(1); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2008). The ALJ properly considered all of the evidence of record before determining that plaintiff was not disabled.

III. Conclusion

For the reasons stated above, the court concludes that the ALJ gave good reasons, supported by substantial evidence, for the weight she assigned to Dr. Boyd's opinions. The ALJ's non-disability finding is supported by substantial evidence. The court

overrules the plaintiff's objections (Doc. 12), and adopts and affirms the magistrate judge's report and recommendation (Doc. 11). The decision of the Commissioner is affirmed, and this action is dismissed.  The clerk is directed to enter final judgment in this case.

Date: July 26, 2019           　　　　s/James L. Graham　　　　
                              James L. Graham
                              United States District Judge